**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.P.-1 and B.P.**

**No. 21-0809** (Kanawha County 21-JA-157 and 21-JA-158)

## MEMORANDUM DECISION

Petitioner Father A.P.-2, by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's September 13, 2021, order terminating his parental rights to A.P.-1 and B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2021, the DHHR filed a petition alleging that police responded to a report of domestic violence in petitioner's home. According to the petition, B.P. described the incident and indicated that petitioner and the mother had pushed each other in the past. Both parents had superficial injuries and were arrested. Additionally, Child Protective Services already had an open case on the home due to the mother's substance abuse. The DHHR alleged that B.P. was also able to describe having seen the mother, and possibly petitioner, "take medicine that was brownish color in foil." The child also described the mother using a straw to ingest the drugs. Based on these

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as A.P.-1 and A.P-2, respectively, throughout this memorandum decision.

allegations, the DHHR asserted that petitioner failed to provide the children with the necessary food, clothing, supervision, and housing since the children's birth.

During the preliminary hearing in April of 2021, the court heard evidence consistent with the petition, in addition to evidence regarding petitioner's admission to a history of drug use. Although petitioner previously claimed that he planned to enroll at a specific substance abuse treatment facility, inquiry with that facility determined that he was not enrolled there. Ultimately, the court ratified the emergency removal of the children. The court ordered petitioner to participate in domestic violence, parenting, adult life skills, and drug screen services. The court also permitted petitioner to participate in visits with the children contingent on three consecutive clean drug screens.

In June of 2021, the court held an adjudicatory hearing, during which a DHHR employee testified that services for the family had been in place since December of 2020. The witness also testified to B.P.'s disclosures of having witnessed the parents engage in domestic violence and abuse drugs and that petitioner had admitted to a history of substance abuse. Petitioner then testified and denied that any domestic violence occurred in the home. He also denied that any drug use occurred in the children's presence and stated that he only smoked marijuana. Petitioner further claimed that he sought substance abuse treatment to obtain housing because he was homeless. Ultimately, the court found that petitioner abused and neglected the children, given that the testimony established that domestic violence occurred in the home and at least one child witnessed the domestic violence and substance abuse.

In September of 2021, the court held a dispositional hearing, during which a DHHR employee testified that petitioner did not begin services until August of 2021 and that he continued to test positive for multiple drugs, including fentanyl. The witness indicated that petitioner missed several screens, as well. As such, the DHHR recommended termination of petitioner's parental rights. Petitioner testified and indicated that his positive drug screens were the result of his having "taken some pain pills for a tooth ache but was not aware what was contained in the pills, nor did he recall when or where he had obtained the pills." Based on the evidence, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because petitioner had "not made any efforts to rectify the circumstances which led to the filing of the [p]etition in this matter." According to the court, petitioner did not contact the DHHR for five months after being ordered to participate in services and continued to test positive on screens for numerous drugs, including fentanyl. As such, the court concluded that petitioner had not demonstrated any willingness or desire to be a parent to the children. The court also found that the children's best interests required termination of petitioner's parental rights. Accordingly, the court terminated petitioner's parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The mother's parental rights were also terminated below. The permanency plan for the children is adoption in the current foster home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that it was error to terminate his parental rights because he should have been afforded additional time to participate in services so that he could rectify the problems that gave rise to the petition's filing. In support, petitioner argues that he should have been entitled to an improvement period. We find, however, that it is unnecessary to address this argument because petitioner fails to establish that he ever moved for an improvement period below. As this Court recently held, "[a] circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. -- , -- S.E.2d --, 2021 WL 5355634 (2021). Indeed, West Virginia Code §§ 49-4-610(1), (2), and (3) all require a parent to file a written motion in order to obtain an improvement period. As petitioner has failed to cite to the record to show that he moved for an improvement period, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, he cannot be entitled to relief in this regard.

It is also important to address petitioner's fallacious argument that "[w]ithout the opportunity to 'improve' as the law required, [p]etitioner has simply had parental rights terminated with no opportunity to address parental shortcomings." This argument has absolutely no basis in the law, as petitioner was not barred from demonstrating improvement absent the granting of a formal improvement period. On the contrary, petitioner was given every opportunity to improve, as the circuit court first ordered that he participate in remedial services at the preliminary hearing. Despite this fact, petitioner did not contact the DHHR for several months, began minimal compliance with services in August of 2021, and continued to test positive for multiple substances when he began participating in drug screens. Even more importantly, petitioner continued to deny the proven conditions of abuse and neglect, as he testified at adjudication that no domestic violence occurred in the home and drug abuse did not occur in the children's presence. These claims are directly refuted by B.P.'s disclosure of having witnessed both domestic violence and drug use. Further, at disposition, petitioner demonstrated continued denial of his substance abuse by claiming that his fentanyl abuse was the result of a pain pill he took for a toothache. Because of his refusal to acknowledge the conditions of abuse and neglect, petitioner rendered them untreatable. *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable."). As such, we find that this argument entitles petitioner to no relief.

Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary to protect the children, the two findings necessary to terminate parental rights according to West Virginia Code § 49-4-604(c)(6). On appeal, petitioner does not challenge these findings. As such, he is not entitled to relief. Further, to the extent that petitioner argues that he should have been entitled to more time to demonstrate improvement, we have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 13, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment